**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIAN PYKE, on behalf of himself and all others similarly situated, | Civil Case No.: 3:23-cv-03543 GC-DEA |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| SN SERVICING CORPORATION, | |
| Defendant(s). | |

**LOCAL CIVIL RULE 10.1 STATEMENT**

The mailing addresses of the parties to this action are:

BRIAN PYKE
10 Deerberry Lane
Monmouth Junction, New Jersey 08852

SN SERVICING CORPORATION
323 5th Street
Eureka, California 95501

**PRELIMINARY STATEMENT**

1.      Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, SN SERVICING CORPORATION ("SN SERVICING") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.     Venue is proper in this district because the acts of the Defendant that give rise to this action occurred in substantial part there.

## DEFINITIONS

4.     As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.     The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.     Plaintiff is a natural person, a resident of Middlesex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.     SN SERVICING maintains a location at 323 5th Street, Eureka, California 95501.

8.     SN SERVICING uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.     SN SERVICING is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law

and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on

behalf of himself and all New Jersey consumers and their successors in interest (the "Class"),

who SN SERVICING collected or attempted to collect a debt from, in violation of the FDCPA,

as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined

as:

> CLASS A – FDCPA
>
> - All New Jersey consumers who were sent letters and/or notices
>   from SN SERVICING in an attempt to collect a debt held by
>   U.S. BANK TRUST ASSOCIATION, AS TRUSTEE OF LB-
>   IGLOO SERIES IV TRUST (See Exhibit A), which included
>   the alleged conduct and practices described herein.
>
> The Class period begins one year to the filing of this Action.
>
> CLASS B - Truth-in-Consumer Contract, Warranty and Notice Act
>
> - All New Jersey consumers who were sent letters and/or notices
>   from SN SERVICING in an attempt to collect a debt held by
>   U.S. BANK TRUST ASSOCIATION, AS TRUSTEE OF LB-
>   IGLOO SERIES IV TRUST (See Exhibit A), which included
>   any provision that violated any clearly established legal right of
>   those consumers or the responsibility of a creditor as
>   established by State or Federal law at the time the letters and/or
>   notices were given to those consumers.
>
> The Class period begins six years to the filing of this Action.
>
> The class definitions may be subsequently modified or refined.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a

class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice.  (*See* **Exhibit A**, except that the undersigned attorney has redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.  Whether the Defendants violated various provisions of the FDCPA;

  b.  Whether Plaintiff and the Class are entitled to statutory damages as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages; and

  c.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

14.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.     Sometime prior to December 1, 2022, Plaintiff allegedly incurred a financial obligation/debt, which Defendant is attempting to collect.

16.     The obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transactions, was primarily for personal, family or household purposes.

17.     Plaintiff incurred the obligation in connection with a personal residential mortgage.

18.     Plaintiff did not incur the obligation for business purposes.

19.     The obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) and is subject to the FDCPA.

20.     On or before December 1, 2022, the obligation was assigned to SN SERVICING for the purpose of collections.

21.     SN SERVICING caused to be delivered to Plaintiff a letter dated December 1, 2022, which was addressed to Plaintiff regarding the obligation.  **See Exhibit A,** which is fully incorporated herein by reference.

22.     The December 1, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.     Upon receipt, Plaintiff read and relied on the notices, statements and representations in the December 1, 2022 letter.

24.     SN SERVICING admitted that it was a debt collector in its December 1, 2022 letter:

> As servicer of your loan, we are attempting to collect a debt, and information will be used for that purpose.

25.     The December 1, 2022 letter also stated the following:

> The Loan is in default because regular monthly payments have not been paid according to the terms and the note secured by the mortgage. Specifically, the following payments and/or other contractual charges are due, unpaid and owing:

| ARREARAGES | Total Amount |
| --- | --- |
| Missed Payments (30 x $2,975.44) | $89,263.20 |
| Escrow Advances | $5,279.89 |
| TOTAL | $94,543.09 |

**TOTAL AMOUNT DUE as of 01/14/2023**          **$94,543.09**

**...**

In addition to the above, if we do not receive payment as outlined in this letter on or before 01/14/2023 we intend to incur additional expenses relating to the foreclosure of your property and /or to the collection of this debt and you will be responsible, to the extent permitted by law, for any and all such expenses including, but not limited to attorney fees, court costs, trustee fees, publication costs and all penalties provided for in your Note and Deed of Trust or Mortgage.  If you fail to make the required payment by the date specified in this letter, it may result in the acceleration of the sums secured by your security instrument (at which point your total obligation will be immediately due and payable without further demand) and sale of the property. After acceleration, but prior to foreclosure, you have the right to reinstate your mortgage and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

26.     In the December 1, 2022 letter, Defendant advised Plaintiff that:

You may cure the default by paying or tendering the sum of **$94,543.09**, as itemized above, on or before 01/14/2023 to SN Servicing, whose telephone number is (800) 603-0836, Attn: Tiffany Brennan, at the below indicated address for payments. Please be sure to include your Loan Number on all correspondence. Any other sums which become due during the period between the payoff date, 01/14/2023, and the payment made to cure the default, even though may not be presently due, should be included with your payment.

Send Payments to:
US Bank, as Trustee of LB-Igloo Series IV Trust
SN Servicing Corporation
323 5th Street
Eureka, CA 95501

27.     The December 1, 2022 provided the following notice:

Notice <u>Required</u> by the Fair Debt Collection Practices Act
15 U.S.C. 1692 (emphasis added)

To the extent that the Fair Debt Collection Practice Act may apply, please be advised that:

1. The Note and Mortgage encumbering the property commonly known as 10 Deerberry Lane Monmouth Junction, NJ 08852 was in the original amount of $235,108.81. The total amount owed, as of 01/14/2023, is the sum of $511,411.62.

2. The debt referenced above is owed to U.S. Bank Trust National Association, as Trustee of LB-Igloo Series IV Trust.

3. The debt referred to in the Notice of Intention to Foreclose will be assumed valid by the creditor, unless, you, the debtor(s), within thirty (30) days after the receipt of this Notice, **dispute in writing**, the validity of the debt or some portion thereof. [emphasis added].

4. If the debtor notifies the creditor, in writing, within thirty (30) days of the receipt of this Notice, that the debt, or any portion thereof, is disputed, the creditor will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the creditor.

5. If the creditor specified in this Notice (hereinabove in Paragraph Two) is not the original creditor, and if the debtor makes a written request to the creditor within thirty (30) dyes [sic] from receipt of this Notice, the name and address of the original creditor will be mailed to the debtor by the creditor.

6. Written requests should be addressed to:
   SN Servicing Corporation
   323 5th Street
   Eureka, CA 95501

   Please refer to loan number ████████

28.     Defendant approved of the use of the December 1, 2022 letter and also approved sending it to Plaintiff as it was drafted.

29.     Defendant approved of the contents of the December 1, 2022 letter and specifically approved of the use of the language:

Notice <u>Required</u> by the Fair Debt Collection Practices Act 15 U.S.C. 1692

30.    Defendant was aware that the FDCPA applied to the debt and the Plaintiff and therefore, Defendant's letter, actions and conduct were subject to the FDCPA.

31.    Defendant failed to provide Plaintiff with the current amount of the debt. Rather, Defendant purportedly provided Plaintiff with the amount of the debt as of January 14, 2023, a date approximately 45 days in the future.

32.    Plaintiff did not know which, if any, of the three balances provided by the Defendant in the December 1, 2022 letter was the amount of the debt: $94,543.09; $235,108.81; or $511,411.62.

33.    The December 1, 2022 letter advised that Defendant was the servicer of the mortgage "held by U.S. BANK TRUST ASSOCIATION, AS TRUSTEE OF LB-IGLOO SERIES IV TRUST."

34.    Plaintiff did not understand what the reference to Trustee meant and also did not know which of the entities was the current creditor or if either actual was: U.S. BANK TRUST ASSOCIATION or LB-IGLOO SERIES IV TRUST.  See *Gross v. Lyons Doughty & Veldhuis, P.C.*, 779 Fed.Appx. 864, 866 (3d Cir. 2019).

35.    Defendant's December 1, 2022 letter advised Plaintiff that the debt was not yet assumed to be valid by the creditor and would only be assumed to be valid by the creditor if Plaintiff failed to dispute the debt in writing within 30 days after receipt of the December 1, 2022 letter.

36.    Defendant imposed a requirement that Plaintiff dispute the debt in writing within the 30-day period otherwise the Defendant would assume the debt was valid.

37.    Based on reading Defendant's December 1, 2022 letter, Plaintiff understood that the debt could still be disputed.

38.     However, Plaintiff also understood that **all** disputes made within 30 days of receipt of the December 1, 2022 letter had to made in writing to the Defendant in order to be effective.

39.     The plain language of 15 U.S.C. § 1692g(a)(3) permits a consumer to dispute a debt orally and does not impose a writing a requirement. See *Riccio v. Sentry Credit, Inc.*, 954 F.3d 582 (3d Cir. 2020).

40.     Congress did not write 15 U.S.C. § 1692g(a)(3) to require a written dispute.

41.     As such, Defendant failed to properly inform Plaintiff of his rights to dispute the debt orally under 15 U.S.C. § 1692g(a)(3).

42.     Defendant placed a burden on Plaintiff to dispute the debt in writing under 15 U.S.C. § 1692g(a)(3) when no such requirement existed.

43.     An oral dispute made pursuant to 15 U.S.C. § 1692g(a)(3) can defeat the debt collector's presumption of validity, still prevent debt collectors from reporting the debt without noting the dispute and still preclude debt collectors holding multiple debts of the same debtor from applying a payment to the disputed debt.

44.     The December 1, 2022 letter also required that any such written dispute be sent directly to the creditor rather than to the debt collector as required by 15 U.S.C. § 1692g(a)(4).

45.     Pursuant to 15 U.S.C. § 1692l(d) "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

46.     Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

47.     The CFPB published the following guide (incorporated herein by reference) to assist debt collectors, such as the Defendant, in complying with Regulation F:  cfpb_debt-collection_small-entity-compliance-guide-2.pdf

48.     Pursuant to Regulation F, Defendant failed to provide Plaintiff with the specific date that the debt collector will consider the end date of the validation period during which a consumer may request verification of the debt or request the name and address of the original creditor.  See 12 CFR 1006.34(c)(3)(i)-(iii).

49.     For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) **after** the debt collector provides it.

50.     Thus, the debt collector must provide a minimum period of 37 days for a consumer to dispute a debt, as any period would include at least 35 days not including Saturday and Sunday or legal public holidays.

51.     Defendant's December 1, 2022 letter did not provide Plaintiff with the full time period to dispute the debt, request verification or request the name and address of the original creditor required by Regulation F.

52.     Plaintiff should be able to read the Defendant's December 1, 2022 letter and reasonably discern his rights.

53.     Defendant's December 1, 2022 letter caused Plaintiff to be confused and his ability to intelligently choose a response was frustrated.

54.     A collection letter can mislead the least sophisticated consumer by using language other than the language Congress chose.

55.    Defendant chose to stray from giving Plaintiff the full and correct time period to dispute the debt pursuant to Regulation F and also chose to impose an "in writing" requirement not allowed by 15 U.S.C. § 1692g(a)(3).

56.    Rather than enlarge Plaintiff's rights under the FDCPA, Defendant shortened the time to dispute the debt and also imposed an "in writing" requirement not allowed by 15 U.S.C. § 1692g(a)(3).

57.    The December 1, 2022 letter contains some of the notices and/or information previously required by the FDCPA and specifically, 15 U.S.C. § 1692g, but it does not include many of the additional notices and/or information required by Regulation F.

58.    The December 1, 2022 letter failed to include multiple disclosures and statements required pursuant the rules promulgated by the CFPB (Regulation F).

59.    The December 1, 2022 letter failed to advise Plaintiff the actual date that the validation period would end on.

60.    Additionally, the December 1, 2022 letter failed to provide any of the specific dates required under 12 CFR § 1006.34(c)(3).

61.    The December 1, 2022 letter failed to provide the necessary consumer-response information required by 12 CFR § 1006.34(c)(4).

62.    The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

63.     As described herein, Defendant engaged in abusive debt collection practices against the Plaintiff which deprived Plaintiff of the right to enjoy the benefits provided by the FDCPA.

64.     SN SERVICING knew or should have known that its actions violated the FDCPA.

65.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

66.     It is SN SERVICING's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

      (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

      (b) Making a false representation of the amount of the debt;

      (c) Failing to effectively convey the name of the creditor to whom the debt is owed and failing to state the correct amount of the debt;

      (d) Failing to effectively convey the mount of the debt;

      (e) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA; and

      (f) Failing to comply with Regulation F.

67.     On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A** to at least 40 natural persons in New Jersey within one year of this Complaint

## COUNT I

### NEW JERSEY DECLARATORY JUDGMENT ACT

68.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

69.    As discussed herein, the Court has jurisdiction to declare the rights of Plaintiff and others similarly situated relative to the Defendant.

70.    Plaintiff is a person interested under a written contract or other writing constituting a contract or whose rights, status or other legal relations are affected by a statute, contract, who may have determined any question of construction or validity arising under the instrument, statute, contract and obtain a declaration of rights, status or other legal relations thereunder.

71.    Plaintiff and others similarly situated are entitled to Declaratory Judgment that Defendant violated the Plaintiff's rights and the FDCPA as alleged herein.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

72.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

73.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

74.    Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

75.     Defendants' representations violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; §1692e(2)(A); § 1692e(10); §1692g et seq.; §1692g(a)(1); §1692g(a)(2); §1692g(a)(3); §1692g(a)(4); §1692g(a)(5) and §1692g(b).

76.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

77.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

78.     Defendant falsely represented the time period for Plaintiffs to dispute the debt, request verification of the debt or to request the name and address of the original creditor.

79.     Defendant made false, deceptive and misleading representations regarding Plaintiff's rights under 15 U.S.C. § 1692g(a)(1) through (5).

80.     By failing to comply with Regulation F as described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

81.     Defendant falsely represented the amount of the debt.

82.     Defendant made false, deceptive and misleading representations regarding Plaintiff's rights under the FDCPA.

83.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

84.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

85.     As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

86.     As described herein, Defendants violated 15 U.S.C. § 1692e(10).

87.    Defendant violated 15 U.S.C. § 1692g by failing to effectively convey the information required by same.

88.    As described herein, Defendant's letter violated 15 U.S.C. § 1692g et seq.

89.    As described herein, Defendant violated 15 U.S.C. § 1692g(a)(1).

90.    Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to provide the amount of the debt.

91.    Defendant violated 15 U.S.C. § 1692g(a)(1) by providing contradictory amounts of the debt.

92.    Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to effectively convey the amount of the debt.

93.    As described herein, Defendant violated 15 U.S.C. § 1692g(a)(2).

94.    Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to clearly and effectively identify the name of the creditor to whom the debt is owed.

95.    As described herein, Defendant violated 15 U.S.C. § 1692g(a)(3).

96.    Defendant violated 15 U.S.C. § 1692g(a)(3) by imposing a requirement that disputes must be in writing.

97.    Defendant violated 15 U.S.C. § 1692g(a)(3) by imposing a requirement that disputes must be in writing.

98.    Defendant violated 15 U.S.C. § 1692g(a)(3) by advising that the creditor, rather than the debt collector, would assume the debt to be valid if a dispute was not received in writing within 30 days of the receipt of the letter.

99.    The plain language of 15 U.S.C. § 1692g(a)(3), as well of the legislative history of that section, only allows the debt collector to assume the debt is valid if it is not disputed within the 30-day period.

100.    As described herein, Defendant violated 15 U.S.C. § 1692g(a)(4).

101.    Defendant violated 15 U.S.C. § 1692g(a)(4) by requiring that Plaintiff send a written dispute to the creditor, rather than to the debt collector.

102.    As described herein, Defendant violated 15 U.S.C. § 1692g(a)(5).

103.    Defendant violated 15 U.S.C. §. 1692g(b) by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

104.    As described herein, Defendant violated provisions of Regulation F.

105.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

106.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

107.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

## COUNT III

### TRUTH-IN-CONSUMER CONTRACT, WARRANTY AND NOTICE ACT, N.J.S.A. § 56:12-14 *et seq.* VIOLATIONS

108.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

109.    Plaintiff and others similarly situated are consumers.

110.    U.S. BANK TRUST ASSOCIATION, AS TRUSTEE OF LB-IGLOO SERIES IV TRUST is alleged to a creditor for purposes of N.J.S.A. § 56:12-14 et seq.

111. At all times relevant to this matter, Defendant as assignee was acting on behalf of U.S. BANK TRUST ASSOCIATION, AS TRUSTEE OF LB-IGLOO SERIES IV TRUST.

112. Upon information and belief, U.S. BANK TRUST ASSOCIATION, AS TRUSTEE OF LB-IGLOO SERIES IV TRUST was aware that Defendant was using the December 1, 2022 form of collection letter sent to Plaintiff at all times relevant to this matter and approved of its use.

113. The FDCPA and Regulation F establish clear rights for the Plaintiff and others similarly situated.

114. The FDCPA and Regulation F establish clear responsibilities for the Defendants when attempting to collect a debt.

115. The December 1, 2022 letter is a notice and/or contains notices required by the FDCPA and/or Regulation F.

116. As described herein, Defendants gave Plaintiff written notices which included a provision(s) that violated a clearly established right of the Plaintiff and others similarly situated as established by State or Federal law at the time that the notice was given.

117. As described herein, Defendants gave Plaintiff written notices which included a provision(s) that violated a clearly established responsibility of the creditor as established by State or Federal law at the time that the notice was given.

118. As described herein, Defendants violated clearly established rights of the Plaintiff under the FDCPA and/or under Regulation F.

119. As described herein, Defendants violated clearly established responsibilities of the creditor under the FDCPA and Regulation F.

120.    As described herein, Defendants violated the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. § 56:12-14 et seq.

121.    Plaintiff is an aggrieved consumer for purposes of N.J.S.A. § 56:12-17.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding attorneys' fees and costs;

(d)    Awarding post-judgment interest.

(e)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## CERTIFICATION  PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject matter of any other court, arbitration or administrative proceeding.

Dated: October 2, 2023

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (002182006)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
*Attorneys for Plaintiff*

# EXHIBIT

# A

SN Servicing Corporation
323 5th Street
Eureka, CA 95501
Firm Case No.: 213816-2
December 1, 2022

*Sent via Certified, Return Receipt Requested, and Regular Mail to:*

*Mailing Address:*
Brian Pyke
10 Deerberry Lane
Monmouth Junction, NJ 08852

Brian Pyke
26 Armon Drive
Bethpage, NY 11714

*Mortgaged Premises:*
Brian Pyke
10 Deerberry Lane
Monmouth Junction, NJ 08852

RE:
    Original Mortgage to: Household Finance Corporation III
    Dated: May 12, 2008
    Recorded: May 20, 2008
    Loan No.: ▮▮▮▮▮
    Current Mortgage Holder ("Lender"): U.S. Bank Trust National Association, as Trustee
    of LB-Igloo Series IV Trust
    Lender's Address: 7114 East Stetson Drive, Suite 250, Scottsdale, AZ 85251
    Loan Servicer: SN Servicing Corporation
    Loan Servicer's Address: 323 5th Street, Eureka, CA 95501
    Mortgaged Property: 10 Deerberry Lane, Monmouth Junction, NJ 08852
    Default Date: 07/16/2020

**NOTICE OF INTENTION TO ACCELERATE AND FORECLOSE**
**(N.J.S.A. 2A:50-56)**

Dear Brian Pyke:

    This document is intended to inform you that the above-referenced Loan, held by U.S. Bank Trust National Association, as Trustee of LB-Igloo Series IV Trust and serviced by SN Servicing Corporation, which is comprised of a note secured by a mortgage on your property located at 10 Deerberry Lane, Monmouth Junction, NJ 08852 is in default. As the servicer of your loan, we are attempting to collect a debt, and information will be used for that purpose. We are not attempting to pursue or collect any deficiency against you where personal liability on a note or bond was discharged

In addition to the above, if we do not receive payment as outlined in this letter on or before 01/14/2023 we intend to incur additional expenses relating to the foreclosure of your property and /or to the collection of this debt and you will be responsible, to the extent permitted by law, for any and all such expenses including, but not limited to attorney fees, court costs, trustee fees, publication costs and all penalties provided for in your Note and Deed of Trust or Mortgage. If you fail to make the required payment by the date specified in this letter, it may result in the acceleration of the sums secured by your security instrument (at which point your total obligation will be immediately due and payable without further demand) and sale of the property. After acceleration, but prior to foreclosure, you have the right to reinstate your mortgage and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

||| Firm Case Number: 213816-2 ||| Firm Document ID: 6 |||

SN Servicing Corporation
323 5th Street
Eureka, CA 95501
Firm Case No.: 213816-2

under federal bankruptcy law.  This situation is serious and the Lender (referenced above), in their own name, may, if the default remains uncured, institute a foreclosure lawsuit against you. Please be advised of the following:

1.      The note and mortgage at issue, dated May 12, 2008, and in the original principal amount of $235,108.81 which was originally contracted by Household Finance Corporation III. The note is secured by the mortgage, which is a lien on the real property commonly known as 10 Deerberry Lane, Monmouth Junction, NJ 08852.

ALL THAT CERTAIN PROPERTY SITUATED IN THE TOWNSHIP OF SOUTH BRUNSWICK IN THE COUNTY OF MIDDLESEX AND STATE OF NEW JERSEY, BEING DESCRIBED AS FOLLOWS:  UNIT D-4, BUILDING 1, WYNWOOD CONDOMINIUM, UNDER MASTER DEED AT BOOK 3310 PAGE 260, 0026% INTEREST  BEING MORE FULLY DESCRIBED IN A DEED DATED 11/24/2000 AND RECORDED 12/20/2000, AMONG THE LAND RECORDS OF THE COUNTY AND STATE SET FORTH ABOVE, IN DEED VOLUME 4857 AND PAGE 318.  TAX MAP OR PARCEL ID NO.: BLOCK 86 LOT 52D

2.      The Loan is in default because regular monthly payments have not been paid according to the terms and the note secured by the mortgage. Specifically, the following payments and/or other contractual charges are due, unpaid and owing:

| ARREARAGES | Total Amount |
|---|---|
| Missed Payments (30 x $2,975.44) | $89,263.20 |
| Escrow Advances | $5,279.89 |
| TOTAL | $94,543.09 |

**TOTAL AMOUNT DUE as of 01/14/2023:**          **$94,543.09**

3.      As provided in Section 5 of the Fair Foreclosure Act, you have the right to cure the default at any time up to the entry of a final judgment or the entry by the office or the court of an order of redemption if you pay or tender to all sums which would have been due in the absence of default at the time of such payment or tender; perform any other obligation which you would have been bound to perform in the absence of default or the exercise of an acceleration clause; pay or tender court costs, if any, and attorneys' fees in amount not to exceed the amount permitted under the Rules Governing the Courts of the State of New Jersey; and, pay all contractual late charges as provided for in the note or mortgage.

In addition to the above, if we do not receive payment as outlined in this letter on or before 01/14/2023 we intend to incur additional expenses relating to the foreclosure of your property and /or to the collection of this debt and you will be responsible, to the extent permitted by law, for any and all such expenses including, but not limited to attorney fees, court costs, trustee fees, publication costs and all penalties provided for in your Note and Deed of Trust or Mortgage. If you fail to make the required payment by the date specified in this letter, it may result in the acceleration of the sums secured by your security instrument (at which point your total obligation will be immediately due and payable without further demand) and sale of the property. After acceleration, but prior to foreclosure, you have the right to reinstate your mortgage and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

||| Firm Case Number: 213816-2 ||| Firm Document ID: 6 |||

SN Servicing Corporation
323 5th Street
Eureka, CA 95501
Firm Case No.: 213816-2

4.     You may cure the default by paying or tendering the sum of **$94,543.09**, as itemized above, on or before 01/14/2023 to SN Servicing Corporation, whose telephone number is (800) 603-0836, Attn: Tiffany Brennan, at the below indicated address for payments. Payment made to cure the default must be in certified funds, cashier's check, certified check or money order and payable to U.S Bank, as Trustee of LB-Igloo Series IV Trust at the address stated below. Please be sure to include your Loan Number on all correspondence. Any other sums which become due during the period between the payoff date, 01/14/2023, and the payment made to cure the default, even though such payments may not be presently due, should be included with your payment.

<u>Send Payments to:</u>
U.S Bank, as Trustee of LB-Igloo Series IV Trust
SN Servicing Corporation
323 5th Street
Eureka, CA 95501

5.     If the default is not cured by the date stated in paragraph 4 of this letter, the Lender may take steps to terminate your ownership in the property by commencing a foreclosure suit in a court of competent jurisdiction. You could lose your home as a result of the default.

6.     If foreclosure proceedings are instituted, you still have the right to cure the default pursuant to Section 5 of the Fair Foreclosure Act, but you shall be required to pay court costs and attorneys' fees in an amount not to exceed the amount permitted by the Rules governing the Courts of the State of New Jersey.

7.     You may have the right to transfer the mortgaged property to another person subject to the mortgage and any such transferee may have the right to cure the default as provided for by law, subject to the provisions of the mortgaged documents.

8.     You are advised to seek counsel from an attorney at law of your choice concerning your residential mortgage default situation. If you are unable to obtain an attorney, you may communicate with the New Jersey Bar Association or Lawyer Referral Service in the county in which the residential property securing the mortgage loan is located. If you are unable to afford an attorney, you may be eligible for free subsidized legal assistance and you may communicate with the Legal Services Office in the county in which the mortgaged property is located.

9.     You may be eligible for financial assistance for curing the default from programs operated by the State or Federal governments, or nonprofit organizations, if any, identified by the Commissioner of Banking and Insurance.

10.    If you disagree with the Lender's assertion that a default has occurred, or with the correctness of the Lender's calculation of the amount required to cure the default, you can contact the Lender's

In addition to the above, if we do not receive payment as outlined in this letter on or before 01/14/2023 we intend to incur additional expenses relating to the foreclosure of your property and /or to the collection of this debt and you will be responsible, to the extent permitted by law, for any and all such expenses including, but not limited to attorney fees, court costs, trustee fees, publication costs and all penalties provided for in your Note and Deed of Trust or Mortgage. If you fail to make the required payment by the date specified in this letter, it may result in the acceleration of the sums secured by your security instrument (at which point your total obligation will be immediately due and payable without further demand) and sale of the property. After acceleration, but prior to foreclosure, you have the right to reinstate your mortgage and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

||| Firm Case Number: 213816-2 ||| Firm Document ID: 6 |||

SN Servicing Corporation
323 5th Street
Eureka, CA 95501
Firm Case No.: 213816-2

authorized representative:

SN Servicing Corporation
323 5th Street
Eureka, CA 95501
(800) 603-0836
foreclosure@snsc.com
Attn: Tiffany Brennan

11.     If the foreclosure proceedings are instituted pursuant to paragraph 5 of this subsection, you have the option to participate in the Foreclosure Mediation Program created by the New Jersey Judiciary by submitting a mediation request to the court following the filing of a mortgage foreclosure complaint. The Foreclosure Mediation Program will provide a housing counselor, at no cost to you. For information on how to contact the New Jersey Foreclosure Mediation Program please see the informational document titled New Jersey Foreclosure Mediation Program attached hereto.

12.     "The Lender is either licensed in accordance with the "New Jersey Residential Mortgage Lending Act," sections 1 through 39 of P.L.2009, c.53 (C.17:11C-51 through C.17:11C-89)(the "Act") or exempt from licensure under the Act in accordance with applicable law or is otherwise not subject to the Act."

13.     If the property which is the subject of the mortgage has more than one dwelling unit but less than five, one of which is occupied by the debtor or a member of the debtor`s immediate family as the debtor`s or member`s residence at the time the loan is originated, and is not properly maintained, and meets the necessary conditions for receivership eligibility, established pursuant to section 4 of the "Multifamily Housing Preservation and Receivership Act," P.L. 2003, c.295 (C.2A:42-117), the residential mortgage lender shall file an order to show cause to appoint  a receiver.

14.     If the mortgaged property is subject to restrictions on affordability, annexed to this notice is the name, address, and telephone number of the municipal affordable housing liaison.  See list of "Council of Affordable Housing – Municipal Housing Liaisons and RCA Administrators".  Further, the consumer hotline number for the New Jersey Housing and Mortgage Finance Agency is 1-800-654-6873, and located at 637 South Clinton Avenue, Trenton, New Jersey 08650.

        If full payment of the amount in default is not made as stated in this document, a mortgage foreclosure lawsuit against you may be instituted. If the mortgage is foreclosed, the mortgaged property may be sold by the Sheriff or other officer authorized by law and the proceeds of the sale applied to the mortgage debt. Unless otherwise provided by law, if you have not been discharged in bankruptcy and/or otherwise remain personally obligated on the debt, you may also be sued personally for all sums due under the note or other instrument evidencing your personal obligation to repay the loan.

In addition to the above, if we do not receive payment as outlined in this letter on or before 01/14/2023 we intend to incur additional expenses relating to the foreclosure of your property and /or to the collection of this debt and you will be responsible, to the extent permitted by law, for any and all such expenses including, but not limited to attorney fees, court costs, trustee fees, publication costs and all penalties provided for in your Note and Deed of Trust or Mortgage. If you fail to make the required payment by the date specified in this letter, it may result in the acceleration of the sums secured by your security instrument (at which point your total obligation will be immediately due and payable without further demand) and sale of the property. After acceleration, but prior to foreclosure, you have the right to reinstate your mortgage and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

SN Servicing Corporation
323 5th Street
Eureka, CA 95501
Firm Case No.: 213816-2

     If foreclosure proceedings are instituted against you, you have the right to assert in such proceedings the non-existence of default or any other defenses you may have to acceleration or foreclosure, as provided for the applicable law. In addition, you may have other rights provide for you by State by Federal Law, or by the mortgage contract documents.

     Under New Jersey law, if you cure a default, the Loan will be restored to the same position as if not default had occurred. However, you are not entitled to this right as a matter of law more than once every 18 months (unless you cure the default in question by the deadline for curing set forth in the applicable notice).

     If you received a discharge of the debt in question in bankruptcy proceedings and if the debt has not been reaffirmed, the acceleration of the debt and foreclosure proceedings will not result in your personally liability for the debt. In such case, this document is not an attempt to collect a debt against you personally, but timely payment of the delinquent balance is still necessary to avoid foreclosure of the lien.

Respectfully,
SN Servicing Corporation

In addition to the above, if we do not receive payment as outlined in this letter on or before 01/14/2023 we intend to incur additional expenses relating to the foreclosure of your property and /or to the collection of this debt and you will be responsible, to the extent permitted by law, for any and all such expenses including, but not limited to attorney fees, court costs, trustee fees, publication costs and all penalties provided for in your Note and Deed of Trust or Mortgage. If you fail to make the required payment by the date specified in this letter, it may result in the acceleration of the sums secured by your security instrument (at which point your total obligation will be immediately due and payable without further demand) and sale of the property. After acceleration, but prior to foreclosure, you have the right to reinstate your mortgage and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

| | | Firm Case Number: 213816-2 | | | Firm Document ID: 6 | | |

SN Servicing Corporation
323 5th Street
Eureka, CA 95501
Firm Case No.: 213816-2

# New Jersey Foreclosure Mediation Program

The New Jersey Judiciary created the Foreclosure Mediation Program to assist homeowners, whose primary residence is a one to four family residential property that is being foreclosed. To obtain additional information on the Foreclosure Mediation Program you can visit the website: njcourts.gov-Office of Foreclosure, or contact the Office of the Clerk of the Superior Court Customer Assistance Center at 609-421-6100. Please note that you must apply to participate in the Foreclosure Mediation Program within sixty (60) days of receipt of the Summons and Complaint in foreclosure.

**CAUTION:** Please be advised that applying for and participation in the Foreclosure Mediation Program does not stop the foreclosing plaintiff from moving forward with its foreclosure action. If you dispute the claim, you should consult a New Jersey licensed attorney.

In addition to the above, if we do not receive payment as outlined in this letter on or before 01/14/2023 we intend to incur additional expenses relating to the foreclosure of your property and /or to the collection of this debt and you will be responsible, to the extent permitted by law, for any and all such expenses including, but not limited to attorney fees, court costs, trustee fees, publication costs and all penalties provided for in your Note and Deed of Trust or Mortgage. If you fail to make the required payment by the date specified in this letter, it may result in the acceleration of the sums secured by your security instrument (at which point your total obligation will be immediately due and payable without further demand) and sale of the property. After acceleration, but prior to foreclosure, you have the right to reinstate your mortgage and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

| | | Firm Case Number: 213816-2 | | | Firm Document ID: 6 | | |

SN Servicing Corporation
323 5th Street
Eureka, CA 95501
Firm Case No.: 213816-2

Notice Required by the Fair Debt Collection Practices Act
15 U.S.C. 1692

To the extent that the Fair Debt Collection Practices Act may apply, please be advised that:

1.      The Note and Mortgage encumbering the property commonly known as 10 Deerberry Lane
Monmouth Junction, NJ 08852 was in the original amount of $235,108.81. The total amount owed, as
of 01/14/2023, is the sum of $511,411.62.

2.      The debt referenced above is owed to U.S. Bank Trust National Association, as Trustee of LB-
Igloo Series IV Trust.

3.      The debt referred to in the Notice of Intention to Foreclose will be assumed to be valid by the
creditor, unless, you, the debtor(s) within thirty (30) days after the receipt of this Notice, dispute in
writing, the validity of the debt or some portion thereof.

4.      If the debtor notifies the creditor, in writing, within thirty (30) days of the receipt of this Notice,
that the debt or any portion thereof, is disputed, the creditor will obtain verification of the debt and a
copy of the verification will be mailed to the debtor by the creditor.

5.      If the creditor specified in this Notice (hereinabove in Paragraph Two), is not the original
creditor and if the debtor makes a written request to the creditor within thirty (30) dyes from receipt of
this Notice, the name and address of the original creditor will be mailed to the debtor by the creditor.

6.      Written requests should be addressed to:
SN Servicing Corporation
323 5th Street
Eureka, CA 95501

Please refer to loan number ████████

In addition to the above, if we do not receive payment as outlined in this letter on or before 01/14/2023 we intend to incur additional expenses relating to
the foreclosure of your property and /or to the collection of this debt and you will be responsible, to the extent permitted by law, for any and all such
expenses including, but not limited to attorney fees, court costs, trustee fees, publication costs and all penalties provided for in your Note and Deed of Trust
or Mortgage. If you fail to make the required payment by the date specified in this letter, it may result in the acceleration of the sums secured by your
security instrument (at which point your total obligation will be immediately due and payable without further demand) and sale of the property. After
acceleration, but prior to foreclosure, you have the right to reinstate your mortgage and the right to bring a court action to assert the non-existence of a
default or any other defense to acceleration and sale.

||| Firm Case Number: 213816-2 ||| Firm Document ID: 6 |||